**NOT FOR PUBLICATION**                                                          **CLOSED**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY


_____

ON TIME STAFFING, LLC,                    )
                                          )
                    Plaintiff,            )          Civ. Case No.  09-4158 (FSH)
                                          )
         v.                               )
                                          )          **OPINION & ORDER**
COAST TO COAST INSTALLATIONS,             )
INC.,                                     )
                                          )
                    Defendant.            )          Date: October 8, 2009
_____)


**HOCHBERG, District Judge:**

    This matter comes before the Court upon Plaintiff's Petition to Confirm the Interim

Award issued by Arbitrator Harry T. Mondoil ("Arbitrator") on August 12, 2009.[1]  This Court

has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

    it appearing that Plaintiff commenced this action by filing a motion to confirm the interim

arbitration award and Defendant opposes on the grounds that the award is not a final award; and

    it appearing that the Third Circuit has held that with regard to a final arbitration award,

the "[d]istrict courts have very little authority to upset arbitrators' awards;"[2] and

_____

    [1]Plaintiff On Time Staffing and Defendant Coast to Coast Installations entered into a
staffing vendor agreement and financial disputes between the parties arose.  When these disputes
arose, pursuant to the contract between the parties, the case proceeded to arbitration before the
American Arbitration Association.  During arbitration, Plaintiff, citing financial hardship and
possible bankruptcy, filed an Emergency Motion for Summary Judgment with the Arbitrator,
leading the Arbitrator to issue an Interim Award on August 12, 2009 granting Plaintiff
$872,705.08 plus 2% interest per month until payment is made.

    [2]*United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir.
1995). An arbitration award will not be vacated unless it is clear that the award fails to "draw its

it appearing that in the case of an interim award, however, the presumption shifts toward

not confirming because interim arbitration awards are not definite and final;[3] and

it appearing that, however, when there are "exceptions to this finality rule, those

exceptions only apply when an arbitral award 'finally and definitely disposes of a separate

independent claim;'"[4] and

it appearing that in the instant action, based on the award as it currently is written without

any mention of set-offs, the Court is unable to determine whether the arbitrator intended this to

be a "separate independent claim" or whether the arbitrator intended the interim award to become

final only after the Defendant's counterclaims could be evaluated for potential set off from this

---

essence" from the Agreement, or if it can be demonstrated that: (1) there was fraud, partiality, or other misconduct on the part of the arbitrator, (2) the arbitrator displayed "manifest disregard" for a specific law or statute, (3) the award is too vague and ambiguous for enforcement, or (4) the award is inconsistent with public policy.  *Id.* at 379-80; *see also Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969); *see also Super Tire Engineering Co. v. Teamsters Local Union No. 676*, 721 F.2d 121, 123-24 (3d Cir. 1983), *Chamberlain Mfg. Co. v. Local Lodge No. 847*, 474 F.Supp.2d 682, 683-84 (M.D.Pa. 2007).

[3] In *Marron v. Snap-On Tools*, No. Civ. 03-4563, 2006 WL 51193 (D.N.J. January 09, 2006), this Court found that "[f]ederal courts commonly understand this provision of the FAA to allow review of final arbitration awards but not of interim or partial rulings. *Marron*, 2006 WL 51193, at *1 (citing *Nolu Plastics, Inc. v. Valu Eng'g, Inc.*, No. Civ. A. 04-4325, 2004 WL 2314512 (E.D.Pa. Oct.12, 2004) (recognizing that a district court does not have the power to review an interlocutory ruling by an arbitrator); *see also* IDS Life Ins. Co. v. Royal Alliance Assoc., Inc., 266 F.3d 645, 650 (7th Cir. 2001) ("We take 'mutual' and 'final' to mean that the arbitrators must have resolved the entire dispute (to the extent arbitrable) that had been submitted to them."); *Michaels v. Mariforum Shipping, SA*, 624 F.2d 411, 414 (2d Cir. 1980) (holding that section 10(a)(4) "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them")).

[4]*Marron*, 2006 WL 51193, at *2 (citing *Metallgesellschaff A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986)).

interim award when the final arbitration award is made;[5] and

it appearing that in such cases where the award of the arbitrator is ambiguous or requires

clarification before it can be enforced, remand to the arbitrator is the appropriate remedy to

effectuate the true intent of the arbitrator with minimum interference from the District Court;[6]

**IT IS** on this 8th day of October, 2009,

**ORDERED** that Plaintiff's Motion to confirm the Arbitrator's award is **DENIED**, and it

is further

**ORDERED** that the matter is **REMANDED** to the Arbitrator for clarification within 30

---

[5]While in two cases the Plaintiff cites, interim awards are confirmed, these holdings are inapplicable to the instant case as the award is now written, because the award in the instant case lacks the language regarding set-offs that was an integral part of the statement of separate independent claim status in both cited cases.  In *Metallgesellschaft*, the Second Circuit held that "[b]ecause the award in the instant case finally and conclusively disposed of a separate and independent claim and was subject to neither abatement nor set-off, the district court did not err in confirming it."  *Metallgesellschaff*, 790 F.2d at 283. In *Matter of Polydefkis Corp. v. Transcontinental Fertiliser Co.*, No. CIV. A. 95-0242, 1996 WL 683629 (E.D.Pa. Nov. 26, 1996), the Court confirms the award because "liability of Respondent was determined as a separate and independent claim, without any set-off."  *Id.* at *2.

[6] *See La Vale Plaza v. R.S. Noonan*, 378 F.2d 569, 575 (3d Cir. 1967) ("the question which is presented to us is whether the district court had power to order the award re-submitted to the arbitrators for clarification of the controversy as to the effect of the award ... Noonan, the only party who could properly complain, does not object to the re-submission and we reject appellant's contention that the district court had no power to enter the order"); *see also Oil, Chemical & Atomic Workers, Intern. Union, Local 4-367 v. Rohm & Haas, Texas, Inc.*, NO. H-79-312, 1981 WL 2362 (S.D.Tex. Sep 15, 1981) ("[t]he Court notes that remand to the arbitrator is the appropriate disposition of an enforcement action when an award is patently ambiguous, when the issues submitted were not fully resolved, or when the language of the award has generated a collateral dispute. In such a case a remand is necessary to clarify precisely what the Court is being asked to enforce.") (internal citations omitted), aff'd, 677 F.2d 492, 495 (5th Cir. 1982); *International Broth. of Elec. Workers, Local 369 v. Olin Corp.*, 471 F.2d 468, 472 (6th Cir. 1972) ("As this Court held in *United Steelworkers of America v. Timken Roller Bearing Company*, 324 F.2d 738 (6th Cir. 1963) we are not required to enforce an award that is not clear as to its meaning and effect. Accordingly, the proper course is to send the case back to the arbitrator for an explicit finding...").

days as to whether the Interim Award is intended to be a "separate independent claim;" and it is

further

      **ORDERED** that Plaintiff is directed to effectuate the remand by notifying the arbitrator

of this opinion within 3 days of receipt of this order and to proceed accordingly.


                                   **/s/  Faith S. Hochberg**

                                   Hon. Faith S. Hochberg, U.S.D.J.